# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                          NEWS RELEASE #063

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **9th day of December, 2014**, are as follows:

**BY GUIDRY, J.**:

2014-C -0256        JOHN OLESZKOWICZ v. EXXON MOBIL CORPORATION, EXXON MOBIL OIL CORPORATION, HUMBLE INCORPORATED AND INTRACOASTAL TUBULAR SERVICES, INC. (Parish of Jefferson)

For the reasons assigned, the judgment of the court of appeal affirming the award of exemplary damages under La. Civ. Code art. 2315.3 is reversed.
REVERSED.

SUPREME COURT OF LOUISIANA

No. 2014-C-0256

JOHN OLESZKOWICZ

VERSUS

EXXON MOBIL CORPORATION, EXXON MOBIL OIL
CORPORATION, HUMBLE INCORPORATED AND
INTRACOASTAL TUBULAR SERVICES, INC.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIFTH CIRCUIT, PARISH OF JEFFERSON

**Guidry, Justice**

We granted the writ application to determine whether the plaintiff's claim for punitive and exemplary damages is barred by res judicata and, if so, whether "exceptional circumstances" exist to justify not applying res judicata to bar the claim, as set forth in La. Rev. Stat. 13:4232(A). Although the court of appeal cited "exceptional circumstances" to justify relief from the res judicata effect of the jury's verdict on the issue of punitive damages, we find no such "exceptional circumstances" exist under the facts of this case. For the reasons set forth below, we conclude the court of appeal erred in affirming the ruling of the trial court denying the motion for partial summary judgment.

**FACTS AND PROCEDURAL HISTORY**

For purposes of the issue presented in this opinion, the facts are largely undisputed. In 2002, Warren Lester and hundreds of other plaintiffs filed a lawsuit against Exxon Mobil Corp. ("Exxon") and others in Civil District Court for the Parish of Orleans, seeking personal injury damages allegedly caused by exposure to naturally occurring radioactive material ("NORM") and other hazardous materials at various Louisiana pipeyards operated by Intracoastal Tubular Services, Inc.

1

("ITCO"). A flight of several plaintiffs, including John Oleszkowicz - the plaintiff in the instant suit - was severed and transferred to the 24th Judicial District Court, at which point the only remaining defendants were ITCO and Exxon. *Lester v. Exxon Mobil Corp.*, No. 630-402, 24th J.D.C., Div. "G" (hereinafter referred to as "*Lester*").

The *Lester* jury considered each of the plaintiffs' compensatory claims for increased risk of cancer, as well as a claim for exemplary damages pursuant to former La. Civ. Code art. 2315.3.[1] During the course of trial, the district court instructed the jurors that plaintiffs could bring a "new lawsuit" in the event they actually contracted cancer.

Following the trial, the jury returned a verdict in favor of the plaintiffs and awarded damages for the increased risk of cancer. Mr. Oleszkowicz was personally awarded $115,000 in compensatory damages. Significantly, the jury did **not** award exemplary damages to the plaintiffs for increased risk of cancer, based on a finding that Exxon did not engage in wanton or reckless conduct in the storage, handling, or transportation of hazardous or toxic substances. The court of appeal affirmed the judgment on appeal, and this court denied writs. *Lester v. Exxon Mobil Corp.*, 10-0743 (La. App. 5 Cir. 5/31/12), 102 So. 3d 148, *writ denied*, 12-2202 (La. 4/19/13), 111 So. 3d 1028.

Several months after the *Lester* verdict, Mr. Oleszkowicz was diagnosed with prostate cancer. As a result, he filed the instant suit against Exxon and others, alleging his cancer stemmed from the same NORM exposure at ITCO's pipeyard.

---

[1] Former La. Civ. Code art. 2315.3, effective September 1984 and repealed in April 1996, allowed for exemplary damages in tort cases as follows:

> In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances
> . . . .

2

Mr. Oleszkowicz sought compensatory and exemplary damages based on Exxon's failure to warn of a known danger and strict liability for engaging in ultra-hazardous activity.

During pre-trial proceedings, Exxon filed a motion for partial summary judgment, seeking to dismiss Mr. Oleszkowicz's claim for exemplary damages on the basis of res judicata. Exxon argued the *Lester* jury specifically found that Exxon did not engage in wanton or reckless misconduct under former La. Civ. Code art. 2315.3. The district court denied Exxon's motion for partial summary judgment based on res judicata, stating Mr. Oleszkowicz's current suit "is a separate claim, it's not the same claim as was litigated in the first trial, even though you have the same parties . . . ."

At the conclusion of a trial on the merits, the jury apportioned Exxon with 80% liability and found Mr. Oleszkowicz was 20% liable upon concluding his smoking had contributed to his condition. The jury awarded Mr. Oleszkowicz $850,000 in compensatory damages after finding Exxon was negligent in its lack of knowledge of the NORM and its failure to prevent Mr. Oleszkowicz's exposure. The jury also awarded $10 million in exemplary damages after finding Exxon's conduct was wanton and reckless in its failure to know of the risk to its employees. The damage awards were reduced on the basis of the liability assessment.

On appeal, the court of appeal affirmed the district court's denial of Exxon's motion for partial summary judgment based on res judicata. *Oleszkowicz v. Exxon Mobil Corp.*, 12-623 (La. App. 5 Cir. 12/19/13), 129 So. 3d 1272. In its opinion, the court of appeal implicitly found that res judicata applied under these facts. Thereafter, the appellate court applied the "exceptional circumstances" exception to res judicata set forth in La. Rev. Stat. 13:4232(A)(1), explaining that "the complexity of and convoluted circumstances involved in the instant case" justified imposition of

3

this exception. 12-623 at p. 17, 129 So. 3d at 1285. The court of appeal then affirmed the award of exemplary damages, but reduced the amount of exemplary damages from $10 million to $2,370,370.

Upon Exxon's application, we granted certiorari. *Oleszkowicz v. Exxon Mobil Corp.*, 14-0256 (La. 5/2/14), 138 So.3d 1234. The sole issue presented for our consideration is whether the lower courts erred in finding Mr. Oleszkowicz's claim for exemplary damages is barred by res judicata.[2]

**DISCUSSION**

La. Rev. Stat. 13:4231(3) provides that "[a] judgment in favor of either plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." In connection with the original *Lester* action between Exxon and Mr. Oleszkowicz, the jury rejected Mr. Oleszkowicz's claim for exemplary damages based on a finding that Exxon did not engage in wanton and reckless conduct in the storage, handling, or transportation of hazardous or toxic substances. The determination that Exxon did not engage in wanton and reckless conduct was essential to the judgment rejecting exemplary damages under former La. Civ. Code art. 2315.3. Accordingly, the finding that Exxon did not engage in wanton and reckless conduct in the storage, handling, or transportation of hazardous or toxic substances is conclusive in this subsequent action between Exxon and Mr. Oleszkowicz.

In declining to apply res judicata, the court of appeal relied on the "exceptional circumstances" exception set forth in La. Rev. Stat. 13:4232(A)(1). This statute

---

[2] Although Exxon raised other issues in its application, we limited our grant of certiorari to the res judicata issue and denied the writ in all other respects. Additionally, we denied Mr. Oleszkowicz's application for writs. *Oleszkowicz v. Exxon Mobil Corp.*, 14-0261 (La. 5/2/14), 138 So. 3d 1245.

4

provides a judgment does not bar another action by the plaintiff "[w]hen exceptional circumstances justify relief from the res judicata effect of the judgment." The comments to La. Rev. Stat. 13:4232 explain that the statute gives a court the authority to exercise its equitable discretion to balance the principle of res judicata with the interests of justice under exceptional circumstances. However, the comments also provide, "[t]his discretion must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of *res judicata* would be defeated . . .."

In *Kevin Associates, LLC v. Crawford*, 04-2227, p. 8 (La.App. 1 Cir. 11/4/05), 917 So.2d 544, 549, *writ denied*, 06-0220 (La. 5/5/06), 927 So.2d 311, the court discussed the situations in which this exception might apply:

> We are mindful of the La. R.S. 13:4232 exceptions to the general rules of res judicata. Among these is "[w]hen exceptional circumstances justify relief from the res judicata effect of the judgment." La. R.S. 13:4232 A(1). The "exceptional circumstances" exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties.

While we acknowledge the facts of this case are somewhat unusual, it does not involve a complex procedural situation or an unanticipated quirk in the system. Rather, the parties anticipated Mr. Oleszkowicz might develop cancer in the future and agreed he could bring a new claim if and when he was diagnosed with cancer. However, the reservation of Mr. Oleszkowicz's right to bring a future cancer claim did not change the fact that he fully prosecuted his exemplary damages claim to the jury and the jury, in deciding whether to award such damages, then made a finding that Exxon had not engaged in wanton and reckless conduct in the storage, handling, or transportation of hazardous or toxic substances.

5

The purpose of res judicata is "to promote judicial efficiency and final resolution of disputes by preventing needless relitigation." *Terrebonne Fuel & Lube, Inc. v. Placid Refining Company*, 95-0654 c/w 95-0671, p.11 (La. 1/16/96), 666 So. 2d 624, 631. Allowing Mr. Oleszkowicz to re-raise the issue of Exxon's conduct for purposes of exemplary damages would simply amount to another bite at the proverbial apple and frustrate the purposes of the res judicata doctrine. *See Duffy v. Si-Sifh Corp.*, 98-1400 (La. App. 4 Cir. 1/9/99), 726 So.2d 438. The jury previously found Exxon did not engage in wanton and reckless conduct in the storage, handling, or transportation of hazardous or toxic substances, and that determination is forever conclusive in any litigation between the parties.[3]

In summary, we find res judicata bars any relitigation of the exemplary damages claim. Because the record establishes no justification for applying the "exceptional circumstances" exception to res judicata set forth in La. Rev. Stat. 13:4232(A)(1), Mr. Oleszkowicz's exemplary damages claim must be dismissed.

**DECREE**

For the reasons assigned, the judgment of the court of appeal affirming the award of exemplary damages under La. Civ. Code art. 2315.3 is reversed.

**REVERSED**

---

[3] Because of this conclusion, we need not reach Exxon's alternative argument that Mr. Oleszkowicz's current exemplary damages claim arose after the repeal of La. Civ. Code art. 2315.3.

6