GRAVOIS, J.
|! Plaintiffs/appellants, Woodlands Development, LLC (‘Woodlands”), and Anthony Reginelli, Jr., Shauna Landry Reginelli, Peter R. Steur, and Lee R. Steur (collectively “the guarantors”), appeal the trial court’s December 10, 2015 judgment that granted Regions Bank’s (“Regions”) exception of res judicata regarding plaintiffs’ claims and causes of action, asserted in their fourth supplemental and amending petition, that the note and guarantees they signed in 2001 in favor of AmSouth Bank (now Regions) should be extinguished on the grounds of Regions’ alleged fraudulent conduct.[1] After thorough review of the record, including all past appellate records of this matter, and the applicable law, we affirm the trial court’s grant of Regions’ exception of res judicata as to plaintiffs’ claims, asserted in their fourth supplemental and amending petition, that the guarantors’ liability on the guarantees should be extinguished on the grounds of Regions’ alleged fraudulent conduct.
FACTS AND PROCEDURAL HISTORY
This matter has been in litigation for many years and has been before this Court on multiple occasions. The first appeal was Woodlands Dev., L.L.C. v. Regions Bank, 11-263 (La.App. 5 Cir. 12/28/11), 83 So.3d 147, writ denied, 12-424 (La. 4/9/12), 85 So.3d 704 (hereinafter “Woodlands 11-263”), wherein plaintiffs sought reversal of the trial court’s grant of summary judgment in favor of Regions, dismissing plaintiffs’ suit for declaratory judgment brought under the Louisiana Credit Agreement *337 Act, La. R.S. 6:1122, which sought, among other relief, extinguishment of the guarantees that the guarantors had signed on behalf of the principal debtor Woodlands, This Court affirmed the dismissal of plaintiffs’ suit. The facts of the matter are summarized therein as follows, to-wit:
|2In December of 1999, Woodlands purchased an apartment complex (the “property”) on Sandra Drive in New Orleans consisting of over 300 rental units. On June 28, 2001, Woodlands entered into a Loan Agreement with Am-South Bank, the predecessor to Regions. The loan was secured by a mortgage on the property, plus plaintiffs’ individual guarantees of Woodlands’ obligations to Regions. The loan matured on June 27, 2005, but was extended to October 27, 2005, and was then extended again to January 26, 2006. On that day, the parties entered into a Forbearance Agreement that extended the term of the loan until December 1, 2006 in order for plaintiffs to find a new owner for the property.
In September of 2006, Regions approved a purchase agreement between Woodlands and Johnson Property Group (“JPG”) and its principal, Soundra Temple. JPG purchased the property from Woodlands, assumed Woodlands’ note with Regions, and also paid a purchase price of $500,000 to Woodlands. According to the record, JPG paid $100,000 of the purchase price directly to Regions in order to bring the interest payments current. JPG executed a promissory note in favor of Woodlands for the remaining $400,000 owed on the purchase price, which was secured by a second mortgage on the property in favor of Woodlands. Temple and JPG personally signed guarantees of JPG’s obligations to Regions. A First Amendment to the Forbearance Agreement was executed whereby the loan was extended an additional year in.order to give JPG and Temple time to obtain permanent financing. Regions, JPG, Temple, and plaintiffs all executed the First Amendment in November of 2006, which extended the term of the loan until November 15, 2007 and under which plaintiffs remained as guarantors of Woodlands’ original loan with Regions.
A Second Amendment to the Forbearance Agreement was signed by all of the parties to the First Amendment in December of 2007, further extending the loan until December of 2008. Thereafter, on January 9, 2008, JPG sold the property to Crescent City Gates Fund; L.P. (“CCGF”), which assumed the indebtedness to- Regions. Plaintiffs alleged in their petition that they did not learn of this sale to CCGF until several months later, at a deposition of Donald Clark, JPG’s agent, in an unrelated matter. Plaintiffs also alleged that Regions knew of the contemplated sale to CCGF at the time the Second Amendment was executed, but did not inform them, which, they argued, breached the forbearance agreements. Neither Woodlands nor Regions entered into any written agreement with JPG'or CCGF in connection with the sale to CCGF, unlike the previous sale from Woodlands to JPG.
The sale from JPG to CCGF formed a basis for plaintiffs’ suit for a declaratory judgment against Regions seeking to void their guarantees to Regions on the underlying note and obligations in connection with the Loan Agreement and subsequent Forbearance Agreement and the amendments thereto. Plaintiffs alleged that Regions induced them to enter into the Second Amendment to the Forbearance Agreement by misrepresenting to them the true state of JPG/Temple’s financial health, by failing to conduct quarterly reviews |°of the *338 project as per the forbearance agreements, and by failing to inform them of JPG’s failure to meet the benchmarks and other obligations in the First Amendment to the Forbearance Agreement, which actions of Regions plaintiffs alleged constituted fraud.
Plaintiffs argued that these misrepresentations by Regions damaged them in multiple ways, including releasing the collateral for the loan that Temple/JPG was contractually required to pay off by the end of the forbearance agreements without paying off the loan. They also argued that the sale to CCGF damaged them because the new buyer, CCGF, had no contractual obligation to renovate or even rent the complex, unlike the obligations of Temple and JPG under the First and Second Amendments to the Forbearance Agreement. Had Regions and JPG provided this information to plaintiffs prior to the signing of the Second Amendment to the Forbearance Agreement and the subsequent sale, plaintiffs argue they could have exercised several options regarding the property, including taking over the project again themselves, rather than allowing the sale to CCGF to be consummated, which they alleged was an underfunded “shell” company. Plaintiffs argued that Regions’ fraudulent conduct and misrepresentations to them to induce them to sign the Second Amendment to the Forbearance Agreement should thus relieve them of their written guarantees to the original loan.
Regions countered that there is no written credit agreement between Regions and plaintiffs, as is required by [La.] R.S. 6:1122, that purports to release plaintiffs from their obligations under their guarantees and the First and Second Amendments to the Forbearance Agreement, which ratified their guaranty agreements, prior to the full repayment of the loan. Thus, Regions argues, plaintiffs’ suit for a declaratory judgment must fail under [La.] R.S. 6:1121, et seq. ...
Plaintiffs also alleged in their opposition to the motion for summary judgment that they were prevented from conducting meaningful discovery because Regions had prevented the depositions of various bank officers who had allegedly mislead plaintiffs regarding the financial health of JPG and also “duped” them into signing the Second Amendment to the Forbearance Agreement only days before consummation of the sale of the property from JPG to CCGF.[2]
The trial court heard the matter, after which it granted judgment for Regions, finding that the written credit agreements (the loan agreement, the guaranty agreements, and subsequent forbearance agreements) controlled, none of which purported to release plaintiffs from their continuing guarantees of Woodlands’ obligations on its loan from Regions, and therefore ruled in favor of Regions, dismissing plaintiffs’ claims against Regions.
Woodlands 11-263, 83 So.3d at 148-150. (Footnote added. Original footnotes omitted.)
This Court affirmed the trial court’s grant of Regions’ motion for summary judgment, reasoning that there was no evidence of any written credit agreement between Regions and plaintiffs, a requirement of La. R.S. 6:1122, that purported to relieve the guarantors of their obligations *339 on the continuing guarantees on the note other than repayment in full. See Woodlands 11-263, 83 So.3d at 151-153.
In the meantime, prior to summary judgment being granted in favor of Regions on the declaratory judgment suit, Regions filed a reconventional demand against plaintiffs seeking payment of the note and enforcement of the guarantees. Ultimately, after other proceedings both in the trial court and this Court, Regions filed a motion for summary judgment on its reconventional demand, which sought to enforce payment of the note and enforcement of the guarantees. The trial court denied the motion in a judgment dated August 29, 2011, finding that plaintiffs’ allegations of fraud against Regions, asserted in their answer to Regions’ recon-ventional demand, constituted “affirmative defenses” thereto and created genuine issues of material fact that precluded judgment in favor of Regions. Regions sought this Court’s supervisory review of the trial court’s denial its motion for summary judgment. This Court denied Regions’ writ application. See Woodlands Dev. L.L.C. v. Regions Bank, 11-938 (La. App. 5 Cir. 10/19/11) (unpublished writ disposition).
While those matters were pending in this Court, plaintiffs sought further discovery regarding their allegations of fraud, which the trial court allowed to go forward. When Regions could not produce certain records, plaintiffs filed a motion for sanctions against Regions. The trial court granted the motion for sanctions, finding Regions’ electronic records retention policy to be in bad faith, Land dismissed Regions’ reconventional demand against plaintiffs with prejudice in a judgment dated June 21, 2012.
Regions appealed that judgment, and at the same time also appealed the earlier judgment denying its motion for summary judgment on its reconventional demand. This Court vacated the judgment dismissing with prejudice Regions’ reconventional demand, granted Regions’ motion for summary judgment to enforce payment of the note and enforcement of the guarantees against plaintiffs, and remanded for calculation of the current amount of Woodlands’ debt. See Woodlands Dev., L.L.C. v. Regions Bank, 12-754 (La.App. 5 Cir. 5/28/14), 141 So.3d 357, writ denied, 14-1732 (La. 11/7/14), 152 So.3d 179 (hereinafter “Woodlands 12-754”). Further, regarding plaintiffs’ fraud allegations against Regions, this Court held that the Louisiana Credit Agreement Act was not intended to insulate financial institutions from any and all liability that arise outside the parameters of a credit agreement, stating:
As previously noted in this opinion, the specific allegations of fraud made by Woodlands, which alleged conduct postdates the credit agreement by some six years, are not in regard to the negotiation for, or consummation of, its credit agreement with Regions, and therefore are clearly outside the parameters of the credit agreement. In our view, it would be inconsistent to find that Woodlands’ fraud allegations are not sufficient to raise a genuine issue of material fact for purposes of the motion for summary judgment on the credit agreement, yet find that those same fraud allegations are within the parameters of the credit agreement for purposes of the preclu-sive effect of [La.] R.S. 6:1122. While we disagree with the prior opinion’s adoption of Woodlands’ designation of their fraud allegations as “affirmative defenses” to Regions’ suit on the note, we find that the practical effect of the opinion (i.e., that Woodlands’ fraud allegations are still viable against Regions), is the correct result.
[La.] R.S. 13:4232(A)(1) provides: “A judgment does not bar another action by *340 the plaintiff when exceptional circumstances justify relief from the res judi-cata effect of the judgment.” We find that such exceptional circumstances exist in this case because we agree with the prior opinion that Woodlands’ allegations of fraud are still viable, just not in the procedural posture of “affirmative defenses” to Regions’ suit on the note, We therefore reject Regions’ argument that res judicata precludes further litigation of Woodlands’ fraud allegations. | (While it is not entirely clear to this Court how the sale of the property to CCGF affected Woodlands’ security interests in the property itself, or how its obligations under the credit agreements were changed by the sale, Woodlands should nonetheless be given the opportunity to establish facts in support of their allegations. We therefore remand this matter to the trial court for further proceedings on Woodlands’ fraud allegations consistent with this opinion.[3]
Woodlands 12-754, 141 So.3d at 365. (Footnote added.)
Thereafter, on August 20, 2015, plaintiffs filed their fourth supplemental and amending petition for damages, reiterating' the allegations of fraud against Regions previously made in their answer to Regions’ reconventional demand. Plaintiffs prayed therein for extinguishment of the guarantees and/or contracts of suretyship signed by plaintiffs, and also for damages for all fraudulent conduct and breaches of contract by Regions, and for punitive damages, attorneys’ fees, costs, and interest from date of judicial demand, as well as all other relief available.
In response to plaintiffs’ fourth supplemental and amending petition, Regions filed numerous exceptions, including an exception of res judicata expressly limited to plaintiffs’ asserted cause of action for ex-tinguishment of the guarantees. The trial court granted the exception of res judica-ta, finding that the issue of extinguishment of the guarantees had been previously litigated. However, the trial court did not dismiss the entire fourth supplemental and amending petition, only the claims and causes of action asserted by plaintiffs for extinguishment of the guarantees. The trial court granted several other exceptions, but gave plaintiffs time to amend their petition to cure the various defects noted in the judgment. This timely appeal followed.
ANALYSIS
Appellate courts review exceptions of res judicata using the de novo standard of review, because this exception presents legal questions. McLean v. Majestic Mortuary Servs., 11-1166 (La.App. 5 Cir. 5/22/12), 96 So.3d 571, 575.
JjjPlaintiffs acknowledge in brief that this Court previously granted Regions’ motion for summary judgment to enforce the note and the guarantees, and thus, the issue of the enforcement of the note and the guarantees is res judicata. They argue, however, that Regions’ conduct in withholding discovery to plaintiffs on their fraud allegations constitutes “exceptional circumstances” pursuant to La. R.S. 13:4232 and justifies an exception to the general rule of res judicata. Those “exceptional circumstances,” they argue, are Regions’ “intentional withholding of evidence and deposition testimony until after the ‘record of appeal’ was closed” in 2011. They argue that “the court has never been presented with the factual basis supporting [plaintiffs’] fraud claims Plaintiffs also argue that, now that they have obtained *341 the relevant discovery, this Court should “enforce its prior order permitting [plaintiffs’] to develop and present their claims.”
At issue in this appeal is whether this Court’s “prior order,” in Woodlands 12-754, which allowed plaintiffs to assert their fraud allegations against Regions after granting, in that same opinion, summary judgment in favor of Regions on its recon-ventional demand (enforcing the note and the guarantees), served to allow plaintiffs to continue litigating their fraud allegations to extinguish the note and the guarantees. Upon review, for the following reasons, we find that it did not.
First, plaintiffs did, in their original petition filed in 2009, present the courts with Regions’ alleged fraudulent conduct surrounding the Second Amendment to the Forbearance Agreement and argued that such fraud should serve to extinguish the note and the guarantees. The original petition also asserted a cause of action for extinguishment of the guarantees under La. C.C. art. 3062. The issue of extinguishment of the note and the guarantees versus the enforcement thereof was decided against plaintiffs in Woodlands 12-754, as plaintiffs concede in brief.
Second, this Court’s “prior order” in Woodlands 12-754, allowing plaintiffs to proceed with development of their fraud allegations against Regions, was | slimited to “further proceedings on [plaintiffs’] fraud allegations consistent with this opinion.” Therein, this Court recognized that while the Louisiana Credit Agreement Act expressly prohibited an action by a debtor against a creditor based upon an oral credit agreement, and thus granted summary judgment in favor of Regions on its recon-ventional demand, enforcing the note and the guarantees, “[t]he Act is not intended to insulate financial institutions from any and all liability that arise outside the parameters of a credit agreement.” It is clear, therefore, that this Court’s “prior order” did not allow the retention and development of plaintiffs’ fraud allegations against Regions for the purpose of again arguing extinguishment of the note and the guarantees. Such a result would clearly be inconsistent with this Court’s opinion in Woodlands 12-754.
We further disagree with plaintiffs’ contention that “exceptional circumstances” exist that should allow them to keep litigating the issue of the extinguishment of the- note and the guarantees, under any theory of recovery. La. R.S. 13:4232(A) sets forth exceptions to the general rule of res judicata. It provides, in pertinent part:
A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
This provision gives the court discretion to grant relief from the judgment because of exceptional circumstances. This discretion is necessary to allow the court to balance the principle of res judicata with the interests of justice. This discretion must be exercised on a case-by-case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated. Schnell v. Mendoza, 13-922 (La.App. 5 Cir. 5/21/14), 142 So.3d 238, 243, quoting Arwood v. J.P. & Sons, Inc., 99-1146 (La.App. 5 Cir. 2/29/00), 759 So.2d 848, 850. As this Court noted in Schell, 142 So.3d at 243:
| ¡The First Circuit addressed the application of La. R.S. 13:4232 in Chaisson v. Oceanside Seafood, 97-2756 (La.App. 1 Cir. 6/29/98), 713 So.2d 1286, 1289. After analyzing various cases in which the exceptional circumstances provision had been considered, our brethren stated:
These cases suggest that the “exceptional circumstances” provision is like *342 ly to be applied most often in complex procedural situations, in which litigants are deprived of any opportunity to present their claims because of some quirk in the system which could not have been anticipated. “Exceptional circumstances” might also be applied to factual scenarios that could not possibly be anticipated by the parties or decisions that are totally beyond the control of the parties.
Upon review, we find that none of the above-mentioned “exceptional circumstances” exist in the present case. While this litigation has been protracted, it is not especially complex. Plaintiffs have asserted facts — that Regions committed fraud against them by, among other things, “duping” them into signing the Second Amendment to the Forbearance Agreement only days prior to the consummation of the sale of the property from JPG to CCFG — from the time they filed their original petition for declaratory judgment. These factual allegations, though perhaps not previously supported by evidence such as deposition testimony and affidavits that plaintiffs claim they now have, were found to be insufficient as a matter of law to extinguish the note and the guarantees under La. R.S. 6:1122. We find that the record as a whole fails to demonstrate that plaintiffs were deprived of an opportunity to present this claim because of a “quirk in the system,” or by unanticipated factual scenarios, or by decisions that were totally beyond their control. The reason that plaintiffs’ alleged fraud claims against Regions are not viable to extinguish the note and the guarantees is because no written credit agreement existed between plaintiffs and Regions that provided for extin-guishment of the note and the guarantees under the facts of this case. Accordingly, extinguishment of the note and the guarantees is not relief that is available to | mplaintiffs under the facts of this case, even if the alleged fraudulent conduct of Regions is later proven.
In light of the foregoing, we find that the trial court did not err in granting Regions’ exception of res judicata regarding plaintiffs’ claims that the note and the guarantees should be extinguished. This judgment does not otherwise prevent plaintiffs from developing and presenting their claims of fraud allegedly committed by Regions, just not for extinguishment of the note and the guarantees.
CONCLUSION
For the foregoing reasons, the trial court’s judgment that granted Regions’ exception of res judicata is affirmed.
AFFIRMED

. The trial court entered a partial final judgment in favor of Regions Bank on December 10, 2015 that was certified as immediately appealable.

. The discovery sought at that time, depositions of Regions’ officers, was disallowed because as evidence, as it was not a written credit agreement as per La. R.S. 6:1122, and thus could not serve to void the various written guarantees and forbearance agreements.

. In the district court, Regions had argued that the dismissal of plaintiffs’ declaratory judgment action was res judicata precluding relitigation of plaintiffs’ fraud allegations.