JARED GUIDRY AND LEIGHA WOODS

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

NO. 21-C-12

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 792-598, DIVISION "H"
HONORABLE GLENN B. ANSARDI, JUDGE PRESIDING

May 12, 2021

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, Marc E. Johnson, Stephen J. Windhorst, and Hans J. Liljeberg

**WRIT GRANTED, JUDGMENT REVERSED,**
**EXCEPTION OF RES JUDICATA SUSTAINED**
 **SMC**
 **JGG**
 **SJW**
 **HJL**

**DISSENTS WITH REASONS**
 **MEJ**

COUNSEL FOR PLAINTIFF/RESPONDENT,
JARED GUIDRY AND LEIGHA WOODS
    Linda Gonzales

COUNSEL FOR DEFENDANT/RELATOR,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
    Adam P. Massey
    Morgan S. Wilson

**CHEHARDY, C.J.**

Defendant-relator, State Farm Mutual Automobile Insurance Company, seeks review of the trial court's December 9, 2020 judgment overruling its peremptory exception of *res judicata* in favor of plaintiffs-respondents, Jared Guidry and Leigha Woods. For the following reasons, we grant the writ application, reverse the trial court's judgment, sustain the exception of *res judicata*, and dismiss State Farm Mutual Automobile Insurance Company from this action with prejudice.

Plaintiffs filed this lawsuit in February 2019 against State Farm, Ms. Woods' UM carrier, alleging they sustained injuries from an August 2016 automobile accident involving Mr. Ronald Chambers, who had no automobile liability insurance. State Farm filed an exception of *res judicata*, arguing that the present action is barred by *res judicata* because: 1) the judgment from a prior case, *Guidry v. State Farm Mut. Auto. Ins. Co.*, 18-275 (La. App. 5 Cir. 12/27/18); 263 So.3d 943, *writ denied*, 19-223 (La. 5/20/19); 272 So.3d 535 ("*Guidry I*"), is valid;[1] 2) the judgment from *Guidry I* is final; 3) the parties are the same; 4) the cause of action asserted in the instant action existed at the time of final judgment in *Guidry I*; and 5) the cause of action asserted in the instant action arose out of the same transaction or occurrence that was the subject of *Guidry I*. The trial court overruled State Farm's exception, finding that "exceptional circumstances" prevented the application of the doctrine of *res judicata* to the instant action.

In *Guidry I*, after granting State Farm's exception of no cause of action, the trial court properly gave plaintiffs an opportunity to amend their petition to assert

---

[1] Plaintiffs named State Farm, Ms. Woods' uninsured/underinsured motorist carrier, as a defendant in their petition in *Guidry I* but did not specifically allege State Farm's liability on the basis of breach of contract, nor did they allege some other actionable claim against State Farm. Upon this court's *de novo* review of State Farm's exception of no cause of action, the majority held that to state a cause of action against a UM carrier, an insured must allege in the petition that the UM carrier breached the insuring agreement. *Guidry I*, 263 So.3d at 948.

an actionable claim pursuant to La. C.C.P. art. 934.[2] When plaintiffs amended their petition but again failed to state a claim against State Farm, the trial court dismissed State Farm from the litigation with prejudice. This court affirmed that ruling on appeal, and the Louisiana Supreme Court denied plaintiffs' supervisory writ application. *See Guidry I*, *supra*.

Under La. C.C.P. art. 1673, a judgment of dismissal with prejudice has the effect of a final judgment. La. R.S. 13:4231 codifies Louisiana's doctrine of *res judicata*, providing that all causes of action existing at the time of a final judgment and arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished by that judgment, and any subsequent action on those causes of action is barred.[3] Exceptions to the application of *res judicata* may be found in La. R.S. 13:4232, which provides in part:

> (A) A judgment does not bar another action by the plaintiff:
> (1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
> (2) When the judgment dismissed the first action without prejudice; or,
> (3) When the judgment reserved the right of the plaintiff to bring another action.

---

[2] La. C.C.P. art. 934 provides:
> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

[3] La. R.S. 13:4231 provides:
> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The February 28, 2018 Order entered in *Guidry I* on State Farm's second exception of no cause of action states that plaintiffs' suit against State Farm "is dismissed with prejudice, with each party to bear their own costs." That ruling did not reserve the plaintiffs' right to bring another action. Here, plaintiffs contend that all of the elements of *res judicata* are satisfied except the finality-of-judgment element, because, they argue, the ruling in *Guidry I* did not decide the issues "on the merits." Plaintiffs further argue that even if the judgment in *Guidry I* is final, exceptional circumstances exist such that *res judicata* should not apply to bar plaintiffs' second lawsuit.

Plaintiffs' argument that the judgment is not final because it did not decide "the merits" is unfounded. When an exception of no cause of action is sustained and a defendant is dismissed, a subsequent suit against the same defendant by the same plaintiff arising out of the same transaction or occurrence is barred. *See Perkins v. Scaffolding Rental & Erection Serv., Inc.*, 568 So.2d 549, 553 (La. 1990); *Jenkins v. Willow Incorporated*, 16-38 (La. App. 5 Cir. 5/26/16), 2016 WL 11689191, at *6. Additionally, plaintiffs' failure to sufficiently plead an actionable claim against State Farm in *Guidry I*, despite amending their petition, is not the kind of "exceptional circumstance" contemplated in La. R.S. 13:4232 (A)(1).

In *Kevin Associates*, *LLC v. Crawford*, 04-2227 (La. App. 1 Cir. 11/4/05), 917 So.2d 544, 549, *writ denied*, 06-0220 (La. 5/5/06), 927 So.2d 311, the court discussed situations in which the "exceptional circumstances" exception to the application of *res judicata* might apply:

> We are mindful of the La. R.S. 13:4232 exceptions to the general rules of *res judicata*. Among these is "[w]hen exceptional circumstances justify relief from the *res judicata* effect of the judgment." La. R.S. 13:4232 A(1). The "exceptional circumstances" exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the

parties, or to decisions that are totally beyond the control of the parties.

None of the reasons enumerated in *Kevin Associates* for applying the exceptional-circumstances exception exists here. Moreover, the 1990 Comment to La. R.S. 13:4232 provides: "This discretion [to find that exceptional circumstances exist] must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated."

In *Guidry I*, after the first hearing on State Farm's exception of no cause of action, the parties and the trial court discussed what types of allegations plaintiffs should assert to state a claim against State Farm. Plaintiffs' failure to heed this discussion when amending their first petition in *Guidry I* does not entitle them to bind State Farm in a second round of litigation. Indeed, if the type of pleading deficiency seen in *Guidry I* satisfied the "exceptional circumstances" test to allow plaintiffs to sidestep application of the doctrine of *res judicata*, the exception undoubtedly would swallow the rule.

Finding the doctrine of *res judicata* applicable in this case and the "exceptional circumstances" exception inapplicable, we grant the writ, reverse the trial court's judgment, and sustain State Farm's exception of *res judicata*. State Farm Mutual Automobile Insurance Company is dismissed from this action with prejudice.

**WRIT GRANTED,**
**JUDGMENT REVERSED,**
**EXCEPTION OF RES JUDICATA SUSTAINED**

JARED GUIDRY AND LEIGHA WOODS

NO. 21-C-12

VERSUS

FIFTH CIRCUIT

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

COURT OF APPEAL

STATE OF LOUISIANA


**JOHNSON J., DISSENTS WITH REASONS**

I, respectfully, dissent from the majority disposition in this matter.

La. R.S. 13:4232(A)(1) provides that a judgment does not bar another action by the plaintiff when exceptional circumstances justify relief from the *res judicata* effect of the judgment. The "exceptional circumstances" exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties. *Oleszkowicz v. Exxon Mobil Corp.*, 14-256 (La. 12/9/14); 156 So.3d 645, 648, quoting *Kevin Associates, LLC v. Crawford*, 04-2227 (La. App. 1 Cir. 11/4/05); 917 So.2d 544, 549, *writ denied*, 06-220 (La. 5/5/06); 927 So.2d 311. This provision gives the court discretion to grant relief from the judgment because of exceptional circumstances. *Woodlands Development, L.L.C. v. Regions Bank*, 16-324 (La. App. 5 Cir. 12/21/16); 209 So.3d 335, 341. This discretion is necessary to allow the court to balance the principle of *res judicata* with the interests of justice. *Id*. This discretion must be exercised on a case-by-case basis, and such relief should be granted in truly exceptional cases, otherwise the purpose of *res judicata* would be defeated. *Id*.

The doctrine of *res judicata* is *stricti juris*, and any doubt concerning application of the principle of *res judicata* must be resolved against its application.

21-C-12 1

*Singleton v. United Servs. Auto. Ass'n*, 18-15 (La. App. 5 Cir. 10/17/18); 258 So.3d 1074, 1076-77, *writ denied*, 18-1814 (La. 1/14/19); 261 So.3d 787. The *res judicata* effect of a prior judgment is a question of law that is reviewed *de novo*. *Id*.

After *de novo* review State Farm's exception of *res judicata*, I find that the instant action and *Guidry I* meet all of the factors of La. R.S. 13:4231. However, I also find that the effect of *res judicata* does not bar the instant action because of the exception provided in La. R.S. 13:4232(A)(1). While setting forth the controlling law of this Circuit, the majority opinion for *Guidry I* determined for the first time that an insured must allege breach of contract against a UM carrier. *Guidry I* has not been adopted by any other circuit or the supreme court. Furthermore, even though there was discussion at the trial court level about what types of allegations Plaintiffs could have asserted against State Farm, Plaintiffs were not bound to heed those discussions because the law of this Circuit—the holding in *Guidry I*—was not set forth at that time. When considering the circumstances surrounding this particular action, I find those circumstances to be truly exceptional. The holding in *Guidry I* that ultimately dismissed Jared Guidry and Leigha Woods' petition for failure to state a cause of action was totally beyond the control of the parties.

Accordingly, I would deny the writ application and remand the matter for further proceedings.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 12, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 21-C-12

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE GLENN B. ANSARDI (DISTRICT JUDGE)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
LINDA GONZALES (RESPONDENT)          ADAM P. MASSEY (RELATOR)

**MAILED**
MORGAN S. WILSON (RELATOR)
ATTORNEY AT LAW
935 GRAVIER STREET
SUITE 1450
NEW ORLEANS, LA 70112