WALLACE C. DRENNAN, INC.

VERSUS

TIMOTHY P. KERNER, IN HIS CAPACITY AS
MAYOR OF THE TOWN OF LAFITTE AND
THE TOWN OF LAFITTE

NO. 23-CA-428

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 808-957, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

December 18, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Scott U. Schlegel

**REVERSED; REMANDED**
   **SUS**
   **SJW**

**WICKER, J., CONCURS WITH REASONS**
   **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
WALLACE C. DRENNAN, INC.
    Loretta G. Mince

COUNSEL FOR DEFENDANT/APPELLEE,
TIMOTHY P. KERNER, IN HIS CAPACITY AS MAYOR OF THE TOWN OF
LAFITTE AND THE TOWN OF LAFITTE
    Sidney J. Hardy
    Blane A. Mader

**SCHLEGEL, J.**

This is the second appeal arising from a public works construction contract between plaintiff, Wallace C. Drennan, Inc. ("Drennan"), and defendants, Timothy P. Kerner, in his capacity as Mayor of the Town of Lafitte and The Town of Lafitte ("Lafitte"). Lafitte disputes Drennan's ability to maintain its claim for payment of statutory interest pursuant to La. R.S. 38:2191 of the Louisiana Public Works Act, a claim which Lafitte contends has been properly dismissed, as now barred by *res judicata*. Drennan seeks review of the trial court's July 10, 2023 judgment, sustaining Lafitte's exception of *res judicata* and dismissing Drennan's claim for statutory interest with prejudice. For the reasons stated herein, we find that Drennan's claims in this case for statutory interest are not barred by *res judicata*. The trial court's July 10, 2023 judgment granting Lafitte's exception of *res judicata* is reversed and this matter is remanded to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

The litigation at hand, which has arisen from the public works contract at the core of this case, has had a complex and tortured procedural path, including three separate lawsuits and two appeals to date.

On January 11, 2019, Drennan was awarded a public bid contract involving Hurricane Isaac-related drainage improvements in Lafitte.[1] The original contract price appropriated for the project was $2,062,809.00. Payment for this drainage improvement contract was made through funds appropriated by the Parish of Jefferson to Laffite. Pursuant to the terms of the contract, between March and August 2019, Drennan sent Meyer Engineers, Ltd. ("Meyer"), Lafitte's representative, six monthly certified applications for payment. (Pay Applications Nos. 1-6). During this time, three change orders were approved, increasing the

---

[1] In the first appeal arising out of this case, this Court set forth the detailed facts and procedural history through June 4, 2021. *See Wallace C. Drennan, Inc. v. Kerner,* 21-664 (La. App. 5 Cir. 8/17/22), 348 So.3d 194 ("*Kerner I*").

contract price to $2,277,284.75. On October 23, 2019, Lafitte executed a Certificate of Substantial Completion for the project certifying that substantial completion was achieved as of September 27, 2019.

On November 1, 2019 and March 19, 2020, Drennan submitted two additional applications for payment, Pay Applications Nos. 8 (including Change Order No. 4) and 9.[2] A dispute then arose between the parties concerning the final amounts owed under the contract. As a result, in May 2020, Drennan filed its first Petition for Writ of Mandamus and on June 10, 2020, Lafitte responded with exceptions including an exception of no right or cause of action stating that Drennan could not use a mandamus proceeding to recover funds in excess of the amount appropriated for the contract, both discussed more fully below. On June 24, 2020, the Jefferson Parish Council approved a final appropriation for the project to cover additional amounts owed as a result of Change Order No. 4.

Due to various payment disputes related to the contract, Drennan filed three separate lawsuits before and after the final appropriation which provide the backdrop for this appeal.

**Mandamus I, Case No. 806-417**

In the first matter, Case No. 806-417, Drennan filed a Petition for Writ of Mandamus on May 12, 2020 ("Mandamus I"), requesting that Lafitte be compelled to remit payment for outstanding Pay Applications Nos. 8 ($375,714.09) and 9 ($120,748.11) pursuant to La. R.S. 38:2191(D).[3] Additionally, pursuant to La. R.S. 38:2191(B), Drennan demanded statutory interest totaling $135,876.28 and

---

[2] Change Order No. 4 requested a $138,397.38 increase in the contract price for a total contract price of $2,415,682.13.

[3] La. R.S. 38:2191(D) provides that a public entity that fails to make any progressive stage payments under a public contract arbitrarily or without reasonable cause, or fails to make the final payment within the time specified in the statute, "shall be subject to mandamus to compel the payment of the sums due under the contract up to the amount of the appropriation made for the award and execution of the contract, including any authorized change orders." The statute is quoted in full and discussed in more detail below.

attorney's fees for Lafitte's failure to timely remit payment for Pay Application Nos. 1-6, 8, and 9.[4]

On June 10, 2020, Lafitte filed an Answer and Exceptions To Petition for Writ of Mandamus asserting that La. R.S. 38:2191(D) only authorizes a mandamus proceeding to compel payment up to the amount appropriated for the contract. Lafitte alleged as follows that Drennan's petition for mandamus requested approximately $275,000 in excess of the appropriated amount:[5]

> The original Contract Price appropriated for this project was $2,062,809.00 for a substantial completion date of July 11, 2019. Three change orders were subsequently approved, rendering a total Contract Price of $2,277,284.75. To date, this remains the amount of the appropriation made for the award and execution of this Contract, including all authorized change orders. Yet, Drennan seeks amounts roughly $275,000.00 above this amount, in contradiction with La. R.S. 38:2191(D). As Drennan has no right to mandamus for any amounts above the appropriation made for the award and execution of the contract, including any authorized change orders, this matter should be dismissed.

Lafitte further argued that using a mandamus proceeding to compel a payment in excess of the appropriated amount "would be contrary to La. Const. art. 12, § 10(C)."

Thereafter, the parties reached an interim settlement of the case under which Lafitte paid Drennan the balance of the funds previously appropriated for the contract. On July 16, 2020, Drennan filed a motion to dismiss Case No. 806-417 without prejudice. On July 20, 2020, the trial court granted the motion to dismiss. The court's order particularized that Mandamus I was dismissed without prejudice, and reserved Drennan's right to seek relief for payments of amounts due under the

---

[4] La. R.S. 38:2191(B)(1) provides that a public entity that fails to make any progressive stage payments within 45 days of its receipt of a certified request for payment, without reasonable cause, or fails to make a final payment after formal final acceptance and within 45 days of its receipt of a clear lien certificate "shall be liable for reasonable attorney fees and interest charged at one-half percent accumulated daily, not to exceed fifteen percent."

[5] Based on the calculations set forth in Lafitte's exceptions to Mandamus I, the $275,000 that Drennan demanded in excess of the appropriated amount included change order work and statutory interest.

contract, statutory interest under La. R.S. 38:2191, attorney's fees, costs, and "any claim against Defendants that was not resolved."

**Ordinary Proceeding, Case No. 808-957**

Drennan filed its second lawsuit against Lafitte, Case No. 808-957 ("Ordinary Proceeding"), on August 4, 2020, two weeks after Mandamus I was settled. In its petition, Drennan sought to recover statutory interest totaling $153,993.87, and reasonable attorney's fees pursuant to La. R.S. 38:2191(B), for Lafitte's alleged failure to timely remit payment for Pay Applications Nos. 1-6, 8, and 9.  This is the lawsuit at issue in this appeal, as well as in Drennan's first appeal, both arising out of the trial court's rulings on exceptions raised by Lafitte.[6]

On August 28, 2020, Lafitte filed an answer to Drennan's petition, arguing that no further payment was due to Drennan, no statutory interest was owed, and if any payments were deemed to be untimely, Lafitte had reasonable cause for the delay.  Thereafter, communication and discovery in the Ordinary Proceeding were ongoing between August and November 2020.

**Mandamus II, Case No. 812-650**

While the Ordinary Proceeding was pending, Drennan filed a second Petition for Writ of Mandamus ("Mandamus II") on December 1, 2020, Case No. 812-650, seeking payment from Lafitte for amounts recently appropriated to cover work included in Payment Application Nos. 8 and 9.  In its mandamus petition, Drennan asserted that on June 24, 2020, the Jefferson Parish Council approved an increase in the amount appropriated for the contract by $138,397.38, but Lafitte withheld $137,000 from the payment for Pay Application Nos. 8 and 9 for liquidated damages.[7]  Drennan also included a claim for attorney's fees under La.

---

[6] *Kerner I, supra.*

[7] Jefferson Parish's June 24, 2020 appropriation occurred before Mandamus I had settled and been dismissed on July 20, 2020.

4

R.S. 38:2191(B), as well as judicial interest and costs. Drennan contends that it did not include a claim for statutory interest pursuant to La. R.S. 38:2191(B) because these claims were pending in the Ordinary Proceeding. Pursuant to Louisiana District Court Rules, Rule 9.4(b), the matter was transferred to the same division of court in which the Ordinary Proceeding was pending.

On December 11, 2020, a bench trial was held on Mandamus II, at the conclusion of which the court took the matter under advisement. On February 26, 2021, after both parties filed post-trial memoranda, the trial court issued a written Judgment and Reasons for Judgment, granting Drennan a writ of mandamus, and ordering Lafitte to pay Drennan $137,000 plus judicial interest and $10,000 in attorney's fees. The court rejected Lafitte's claim for an offset against any amounts it owed to Drennan for Pay Application Nos. 8 and 9 as liquidated damages due to Drennan's failure to meet contractual deadlines.[8] The trial court recognized in its reasons for judgment that Drennan did not seek statutory interest in Mandamus II, did not introduce any evidence in support of the claims, and did not include any decretal language regarding the statutory interest claims in its judgment. However, at the same time, the trial court did address the merits of these claims in its reasons when it commented on Drennan's alleged failure to submit the claims for review prior to filing their lawsuit.

**Resumed Ordinary Proceeding, Case No. 808-957**

Following the court's judgment in Mandamus II, Drennan filed a motion for summary judgment in the Ordinary Proceeding on March 23, 2021, seeking statutory interest under La. R.S. 38:2191(B)(1) for Pay Applications Nos. 1-6, 8, and 9. On May 12, 2021, Lafitte filed a peremptory exception of no right of action.

---

[8] The contract required Drennan to pay Lafitte liquidated damages of $500 for each consecutive calendar day that work was not completed by the contractually mandated substantial completion date.

On May 27, 2021, a hearing on the exception was held during which Drennan explained that the claim for statutory interest was filed in an ordinary proceeding because Lafitte objected to using mandamus proceedings to recover amounts in excess of the amount originally appropriated for the contract. When ruling, the trial court said, "I believe we did address the statutory interest question in our reasons for judgment in the prior case [Mandamus II]. I find that this matter is *res judicata* and that I'm going to grant the defendants' exception of no right of action." The trial court dismissed the case with prejudice.

Drennan timely appealed the trial court's ruling, and on August 17, 2022, this Court vacated the trial court's judgment and overruled defendants' exception of no right of action. *Kerner I*, 348 So.3d at 201. This Court found that the trial court erred in basing its ruling on grounds of *res judicata* because the defendants had not filed an exception grounded in that doctrine. *Id*. at 199-200. This Court further found that, in doing so, the trial court had incorrectly applied the legal standard for *res judicata* rather than applying the standard applicable to an exception of no right of action. *Id*. at 199. This Court concluded that "Drennan is of the class of persons authorized by La. R.S. 38:2191 to file suit against defendants for statutory interest for late-payments on a public bid contract." *Id*. at 201. This Court declined to consider defendants' *res judicata* argument, declined to rule on the merits of Drennan's Motion for Summary Judgment, and remanded the case to the trial court for further proceedings.

On February 8, 2023, following remand from this Court, Lafitte filed an opposition to Drennan's motion for summary judgment and a cross-motion for summary judgment, arguing *res judicata* applied to preclude Drennan's claims for statutory interest because Drennan was required to bring all claims in one proceeding and Drennan did not assert a claim for statutory interest in Mandamus

II.  On March 2, 2023, Lafitte filed an amended opposition, adding a peremptory exception of *res judicata*.

On June 2, 2023, Drennan filed an opposition to defendants' motion for summary judgment, responding that its claims for statutory interest are not barred by *res judicata*.  Specifically, Drennan argued that it could not assert a statutory interest claim in Mandamus II, because it was a summary proceeding.  It further argued that statutory interest cannot be recovered in a mandamus proceeding brought pursuant to La. R.S. 38:2191(D), because it is an amount in excess of the amount appropriated for the contract.  Drennan finally asserted that ordinary proceedings may not be cumulated with summary proceedings and that *res judicata* does not apply to claims that cannot be cumulated.

On June 14, 2023, Lafitte filed a reply memorandum in support of its summary judgment motion and *res judicata* exception.  Lafitte argued that Drennan's cause of action for statutory interest raised in the Ordinary Proceeding became barred by La. R.S. 13:4231(1), as the Mandamus II judgment extinguished all claims arising from the same transaction or occurrence existing at that time and did not contain a reservation of rights to preserve the claims.  Lafitte further asserted that even if Drennan could not have brought a claim for statutory interest in the summary mandamus proceeding, it could have brought all of its claims in an ordinary proceeding.

On June 19, 2023, the matter came for hearing on Lafitte's peremptory exception of *res judicata*, Drennan's motion for summary judgment and Lafitte's cross-motion for summary judgment.  The trial court took up the exception of *res judicata* first.  Drennan argued that it could not cumulate the Ordinary Proceeding seeking statutory interest with the summary Mandamus II proceeding.  It also argued that it could not recover statutory interest in Mandamus II because it could only assert a claim up to the amount of the appropriation as Lafitte asserted in its

exception to Mandamus I. Drennan further argued that, while attorney's fees and judicial interest are ancillary relief in the mandamus proceeding authorized by La. R.S. 38:2191(D) to compel payment of sums due under the contract, the claim for statutory interest under La. R.S. 38:2191(B) is a separate claim that cannot be asserted in a mandamus proceeding. Drennan also argued that Lafitte objected in Mandamus I to having all of the claims brought in one suit.

Without hearing argument on the other matters, the trial court granted Lafitte's peremptory exception of *res judicata*, found Drennan's motion for summary judgment moot, rendered judgment for Lafitte, and dismissed Drennan's Ordinary Proceeding with prejudice. The trial court indicated that it believed Drennan should have stated all of its claims in Mandamus II. On July 10, 2023, the trial court signed a written judgment setting forth these rulings. Drennan's timely appeal is now before this Court.

## ASSIGNMENTS OF ERROR

On appeal, Drennan raises two assignments of error. In its first assignment of error, Drennan asserts that the trial court's finding of *res judicata* is erroneous for three reasons: (a) the issue of statutory interest was not presented in the pleadings, and was not litigated in Mandamus II, Case No. 812-650; (b) Lafitte consented to litigating mandamus claims separately from statutory interest claims, and the exceptions to *res judicata* set forth in La. R.S. 13:4232 apply; and (c) *res judicata* does not apply to claims that may not be cumulated in the same proceeding.[9] In its second assignment of error, Drennan asks this Court to address the merits of its Motion for Summary Judgment, which the trial court found to be moot in light of its ruling on the *res judicata* exception.

---

[9] La. C.C.P. art. 462 specifies the conditions under which a plaintiff may cumulate two or more actions against the same defendant, even though they are based on different grounds. One of those conditions is that all of the actions "employ the same form of procedure." Art. 462(2).

Lafitte responds that Drennan's claims made in the Ordinary Proceeding are barred by the doctrine of *res judicata* because Drennan should have brought its claim for statutory interest in Mandamus II, Case No. 812-650, and the trial court's Judgment in Mandamus II bars Drennan's claims in the present matter.[10]

## LAW AND ANALYSIS

In the present matter, the trial court granted the exception of *res judicata* based on its determination that Drennan was required to abandon its statutory interest claims asserted in the Ordinary Proceeding and include them in the Mandamus II proceeding. Thus, the seminal question in this appeal is, having chosen to avail itself of the mandamus procedure set forth in La. R.S. 38:2191(D), must a contractor, such as Drennan, include all claims for statutory interest it alleges are owed by the public entity in that same mandamus action. The answer to this question involves the interplay between La. R.S. 38:2191 of the Public Works Act, and the principles of *res judicata* set forth in La. R.S. 13:4231 and exceptions to the general rule of *res judicata* in La. R.S. 13:4232.

*Res judicata* is designed to promote judicial efficiency and final resolution of disputes, and generally precludes the re-litigation of claims arising out of the same facts and circumstances between the same parties of a previous suit in which there is a valid, final judgment. *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 95-654 (La. 1/16/96), 666 So.2d 624. An exception of *res judicata* to determine the preclusive effect of a prior judgment presents a question of law and is reviewed *de novo*. *Roy Anderson Corp. v. 225 Baronne Complex, L.L.C.*, 18-962 (La. App. 4 Cir. 9/25/19), 280 So.3d 730, 737. Thus, the standard of review of an exception of *res judicata* requires an appellate court to determine if the trial court's

---

[10] Lafitte also argued in its summary judgment motion, and argues now on appeal, that Drennan failed to meet the conditions under the contract to preserve its statutory interest claims. However, as discussed more fully below, just as with Drennan's summary judgment motion, we decline to address this issue in the first instance.

decision is legally correct. *Id.* The party pleading the exception of *res judicata* has the burden of proving its elements by a preponderance of the evidence. *5301 Jefferson Hwy, LLC v. A. Maloney Moving & Storage, Inc.*, 23-211 (La. App. 5 Cir. 5/29/24), 392 So.3d 337, 347. The doctrine is *stricti juris*; therefore, any doubt as to whether *res judicata* applies must be resolved against its application. *Id.*

The doctrine of *res judicata* is codified in Louisiana in La. R.S. 13:4231 as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Pursuant to La. R.S. 13:4231, a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So.2d 1049, 1053.

Ordinarily, a second action is barred because it arises out of the same transaction or occurrence as the prior action. *Avery v. CitiMortgage, Inc.*, 08-2052

(La. App. 1 Cir. 5/13/09), 15 So.3d 240, 242; *see also* La. C.C.P. art. 425(A).[11]

This provides judicial economy and fairness because the plaintiff must seek all relief and assert all rights arising from the same transaction or occurrence in the first action. *Avery*, 15 So.3d at 242. "[I]t would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action." Comment (a) of the 1990 Official Revision Comments to La. R.S. 13:4231. Thus, *res judicata* used in the broad sense has two different aspects: a) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and b) foreclosure of relitigating matters that have been previously litigated and decided. *Henkelmann v. Whiskey Island Preserve, LLC*, 13-180 (La. App. 1 Cir. 5/15/14), 145 So.3d 465, 470.

However, there are exceptions to this broad application codified in La. R.S. 13:4232(A), including when exceptional circumstances justify relief from the *res judicata* effect of the judgment:

> A judgment does not bar another action by the plaintiff:
>
> (1) When **exceptional circumstances** justify relief from the res judicata effect of the judgment;
>
> (2) When the judgment dismissed the first action without prejudice; or,
>
> (3) When the judgment reserved the right of the plaintiff to bring another action. (Emphasis added.)

Under this provision, the court has the authority to exercise its discretion to balance the principle of *res judicata* with the interests of justice, although clearly "this discretion must be exercised on a case-by-case basis and such relief should be granted only in truly exceptional cases...." *Woodlands Development, L.L.C. v.*

---

[11] La. C.C.P. art. 425 provides that a "party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." In *Carcello v. Dept. of Transportation and Development*, 21-1670 (La. 9/1/22), 346 So.3d 751, 763, the Louisiana Supreme Court clarified that Article 425 is not an independent preclusion provision; rather, it is enforced through an exception of *res judicata* and all *res judicata* elements "must be satisfied for preclusion to operate."

*Regions Bank*, 16-324 (La. App. 5 Cir. 12/21/16), 209 So.3d 335, 341. The exceptional circumstances exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties. *Oleszkowicz v. Exxon Mobil Corp.*, 14-256 (La. 12/9/14), 156 So.3d 645, 648.

When considering the meaning of the term "exceptional circumstances" in La. R.S. 13:4232(A)(1), the Louisiana Supreme Court, first in *Terrebonne Fuel & Lube, Inc.*, *supra*, and then, more pointedly in *Oliver v. Orleans Parish School Bd.*, 14-329 (La. 10/31/14), 156 So.3d 596, 611-19, *cert. denied*, 575 U.S. 1009, 135 S.Ct. 2315, 191 L.Ed.2d 979 (2015), directs us to the Restatement (Second) of Judgments, § 26 (1982) as a basis for the analysis. In *Terrebonne Fuel*, 666 So.2d at 632, the Louisiana Supreme Court cited the following examples of exceptional circumstances found in § 26(1) of the Restatement (Second) of Judgment: (a) where the parties have agreed that the plaintiff may split his claim, or the defendant has acquiesced therein; (b) the court in the first action has expressly reserved the plaintiff's right to maintain the second action; (c) there are restrictions on the subject matter jurisdiction of the courts; (d) ***the judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the sense of the scheme that the plaintiff should be permitted to split his claim***; (e) for policy reasons; or (f) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for extraordinary reasons.

Drennan argues that *res judicata* cannot apply to preclude its statutory interest claims because it could not bring its mandamus claims and statutory interest claims in the same proceeding. Drennan argued before the trial court that

La. R.S. 38:2191(D) limits the use of a summary mandamus proceeding to the amount of the appropriation by the public entity for the award and execution of the contract. Drennan claimed that because Lafitte had not appropriated any amounts for the $153,993.87 in statutory interest it sought to recover, La. R.S. 38:2191(D) required it to pursue these claims in a separate ordinary proceeding. Drennan further argued that Section 2191(D) does not require a contractor to pursue all claims in a single proceeding.

Based on these arguments, the issue before this Court is whether the statutory scheme set forth in La. R.S. 38:2191 required Drennan to split its claims. Louisiana courts have applied the statutory scheme exception as an exceptional circumstance warranting relief from the *res judicata* effect of a judgment. *See Roy Anderson Corp.*, *supra*; *Avery, supra*. Accordingly, we first address Drennan's argument that the doctrine of *res judicata* should not apply because it could not litigate its statutory interest claims pending in the Ordinary Proceeding as part of the summary Mandamus II proceeding.

### Scope of Mandamus Proceeding Authorized Under La. R.S. 38:2191(D)

In order to properly analyze these issues, we must first examine the plain language of La. R.S. 38:2191(D) to determine the scope of the mandamus procedure that the legislature authorized when it enacted this provision in 2011. This will allow us to determine whether Drennan could, or should have, litigated its claims for statutory interest claims as part of the Mandamus II proceedings.

As always, courts begin their analysis by looking at all relevant legislation as legislation is superior to any other source of law. *Martin v. Thomas*, 21-1490 (La. 6/29/22), 346 So.3d 238, 242. The well-established rules of statutory construction provide that the interpretation of any statutory provision starts with the language of the statute itself. *In Re Succession of Faget*, 10-188 (La. 11/30/10), 53 So.3d 414, 419; *Wallace C. Drennan, Inc. v. St. Charles Parish*, 16-177 (La. App. 5 Cir.

9/22/16), 202 So.3d 535, 543. Legislation is a solemn expression of legislative will. La. C.C. art. 2. When the provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. C.C. art. 9; La. R.S. 1:4; *Drennan*, 202 So.3d at 543. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10.

La. R.S. 38:2191 governs payments under public contracts and Section D contains a provision that allows contractors to obtain immediate payment by means of a limited mandamus proceeding:

> A. All public entities shall promptly pay all obligations including change orders, arising under public contracts when the obligations become due and payable under the contract. All progressive stage payments and final payments shall be paid when they respectively become due and payable under the contract.
>
> B. (1) Any public entity failing to make any progressive stage payment within forty-five days following receipt of a certified request for payment by the public entity without reasonable cause shall be liable for reasonable attorney fees and interest charged at one-half percent accumulated daily, not to exceed fifteen percent. Any public entity failing to make any final payments after formal final acceptance and within forty-five days following receipt of a clear lien certificate by the public entity shall be liable for reasonable attorney fees and interest charged at one-half percent accumulated daily, not to exceed fifteen percent.
>
> (2) Any interest received by the contractor pursuant to Paragraph (1) of this Subsection, shall be disbursed on a prorated basis among the contractor and subcontractors, each receiving a prorated portion based on the principal amount due within ten business days of receipt of the interest.
>
> C. The provisions of this Section shall not be subject to waiver by contract.
>
> D. Any public entity failing to make any progressive stage payments arbitrarily or without reasonable cause, or any final payment when due as provided in this Section, **shall be subject to mandamus to compel the payment of the sums due under the contract up to the**

14

> **amount of the appropriation made for the award and execution of the contract, including any authorized change orders**. (Emphasis added.)

La. R.S. 38:2191 allows contractors to pursue payment from public entities by means of an ordinary proceeding. But Section 2191(D) also allows for a summary mandamus procedure to compel payments up to the amount of the appropriation made for the public contract. La. R.S. 38:2191 expressly contemplates the possibility of both ordinary and summary mandamus proceedings, as well as more than one mandamus or ordinary proceeding during the course of public contract performance. *See St. Bernard Port, Harbor & Terminal Dist. v. Guy Hopkins Constr. Co.*, 16-907 (La. App. 4 Cir. 4/5/17), 220 So.3d 6, 16, *writ denied*, 17-746 (La. 9/15/17), 225 So.3d 1088. Pursuant to La. R.S. 38:2191(A), all contracting public entities "shall" pay all obligations, progressive stage payments, and final payments when they become due and payable under the contract. Therefore, the contractor may file multiple ordinary or mandamus actions for multiple tardy progressive stage payments and may bring multiple demands for attorney's fees and statutory interest for each of those tardy progressive stage, final or change order payments. The passage of La. R.S. 38:2191(D) added the contractor's right of action in mandamus for late payments, but did not derogate from the contractor's already existing right of action for breach of contract and damages.

When determining the scope of a mandamus proceeding that the legislature authorized under La. R.S. 38:2191(D), it is important to understand the reason the legislature added the mandamus proceeding in 2011. It provides a summary mechanism that allows contractors to quickly compel a public entity to pay appropriated sums due under the contract. "Section (D) provides for the efficient facilitation of forcing public entities to promptly render monies owed under public contracts, in support of the statute's stated purpose, by stating that a writ of

mandamus may issue where funds have been appropriated for an underlying public works contract." *St. Bernard Port,* 220 So.3d at 13. An ordinary proceeding may require years of litigation to obtain a money judgment that the public entity is not required to immediately pay.

The plain language of Section 2191(D) provides a remedy for contractors awaiting payment from public entities where the funds have already been appropriated; therefore, the use of the summary mandamus procedure is limited to the amount of the appropriation. *Id.* If the legislature had intended to grant contractors the right to compel payment in excess of the appropriated amount in every instance, the legislature could have easily included language in Section 2191(D) permitting contractors to recover statutory interest as a matter of course in every mandamus proceeding brought under that provision.[12] But it did not include language to this effect. Instead, the legislature included plain and clear language limiting the mandamus against the public entity to one compelling "the payment of **sums due under the contract up to the amount of the appropriation**."

It is highly unlikely that a public entity would appropriate additional funds to cover awards for statutory interest, which can be substantial, prior to a contractor's decision to pursue a mandamus proceeding. By limiting the mandamus to the amount due and appropriated by the public entity, the legislature signaled its intent to limit the scope of the courts' authority to compel payment. The act of appropriation of funds is discretionary and specifically granted to the

---

[12] For example, in La. R.S. 44:35, the Public Records Act allows a party to recover attorney fees as part of mandamus proceeding to compel the right inspect or receive a copy of a public record:

    A. Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, *together with attorney fees, costs and damages as provided for by this Section*, in the district court for the parish in which the office of the custodian is located. (Emphasis added.)

legislature by the constitution. *Par. of St. Charles v. R.H. Creager, Inc.*, 10-180 (La. App. 5 Cir. 12/14/10), 55 So.3d 884, 888, *writ denied*, 11-118 (La. 4/1/11), 60 So.3d 1250. La. Const. art. 12, §10(C) and La. R.S. 13:5109(B)(2) generally require an appropriation of funds by the legislature or the political subdivision against which a judgment was rendered to make a judgment payable.[13] *Jazz Casino Company, L.L.C. v. Bridges*, 16-1663 (La. 5/3/17), 223 So.3d 488, 495.

In *Foster Const., Inc. v. Town of Richwood*, 48,171 (La. App. 2 Cir. 6/26/13), 117 So.3d 607, 610, the appellate court recognized that La. R.S. 38:2191(D) does not permit a mandamus to compel payments of amounts that have not been appropriated:

> Notably, La. R.S. 38:2191(D) allows for mandamus where there has been an appropriation for the award and execution of the contract. It does not authorize mandamus to compel an appropriation for payment of sums due under a contract. Such authorization would be contrary to La. Const. art. 12, § 10(C), which prohibits the seizure of public property or public funds.

Accordingly, courts cannot compel immediate payment from a public entity by means of mandamus unless the amount has been appropriated, or when the legislature has specifically authorized mandamus authority beyond the appropriated amount. *See Jazz Casino*, 223 So.3d at 496-97; *see also Town of Sterlington v. Greater Ouachita Water Company*, 52,482 (La. App. 2 Cir. 4/10/19), 268 So.3d 1257, 1265-1270, *writ denied*, 19-913 (La. 9/24/19), 279 So.3d 386 (concluding that the trial court lacked authority to issue a writ of mandamus to

---

[13] La. Const. art. XII, § 10(C) provides in pertinent part: "No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered."

La. R.S. 13:5109(B)(2) similarly provides:

> Any judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision.

compel the city to pay an award of attorney fees and court costs to a water utility, because constitutional provisions and applicable laws only allowed courts to compel payments of judgments against political subdivisions from funds specifically appropriated.)

Thus, under La. R.S. 38:2191(D), courts do not have the authority to compel a public entity to pay any amounts in excess of (1) the sum due under the contract and (2) the amount appropriated by the public entity. It is conceivable though that a statutory interest claim could be brought in a Section 2191(D) mandamus proceeding if the public entity appropriated an amount that would cover the statutory interest. However, based on the record before this Court, the very narrow scenario described above clearly does not exist in this case as there is no evidence that Lafitte appropriated any additional amounts to cover an award for statutory interest.[14] In fact, Lafitte objected to the statutory interest claims brought in Mandamus I because the Jefferson Parish Council had not appropriated any funds for such a recovery. In its exception, Lafitte argued that Drennan sought to recover approximately $275,000 above the appropriated amount, which included alleged amounts due on the pay applications, as well as statutory interest. Also, the amount of statutory interest Drennan sought to recover in its subsequent petition filed in the Ordinary Proceeding exceeded $150,000, which is also more than the additional appropriated amount it asked the trial court to compel in Mandamus II.

We recognize that in *St. Bernard Port v. Hopkins, supra, and Quality Design v. Gonzalez*, 13-752 (La. App. 1 Cir. 3/11/14), 146 So.3d 567, decided in 2017 and

---

[14] We also acknowledge that in some instances, a public entity may agree to litigate statutory interest claims in a mandamus proceeding. *See. e.g. Wallace C. Drennan, Inc. v. Cantrell*, 23-193 (La. App. 4 Cir. 10/25/23), 376 So.3d 969, 975, *as amended on rehearing* (12/7/23)(the opinion does not indicate whether any amounts were appropriated for statutory interest, but simply states that the "parties do not dispute that a writ of mandamus was the appropriate method to obtain interest for alleged untimely payments."). Further, if a contractor includes claims for unappropriated amounts in a Section 2191(D) mandamus proceeding, and the public entity does not object by raising a dilatory exception of unauthorized use of summary proceeding or improper cumulation of actions, then according to La. C.C.P. art. 926(B), the objection would be waived.

18

2014 respectively, the Fourth and First Circuits each found that an award of judicial interest pursuant to La. C.C.P. art. 1921 was within the scope of what the public entity could be compelled to pay in a mandamus proceeding pursuant to La. R.S. 38:2191(D), without considering whether these amounts exceeded the appropriated amounts.[15] Further, in reaching this decision, both of these cases relied on an unpublished opinion, *C.R. Humphreys General Contractor, Inc. v. Tangipahoa Parish School System*, 07-993 (La. App. 1 Cir. 12/21/07), 2007 WL 4480064. The *Humphreys* case did not involve a mandamus proceeding or a claim for statutory interest, and was decided well before the legislature enacted the Section 2191(D) mandamus proceeding. Accordingly, these cases are not persuasive.

The vast remainder of the cases discussing the scope of the mandamus provision under Section 2191(D), address whether a public entity's reconventional demand for liquidated damages and/or setoffs allowed under the contract must be litigated in the mandamus proceeding to determine the amount of payable under the contract. *See, i.e., Law Industries, LLC v. Board of Supervisors of Louisiana State University*, 18-1756 (La. App. 1 Cir. 3/2/20), 300 So.3d 21, *writ denied*, 20-745 (La. 10/6/20), 302 So.3d 515; *Woodrow Wilson Construction, LLC v. Orleans Parish School Board*, 17-936 (La. App. 4 Cir. 4/18/18), 245 So.3d 1, *writ denied*, 18-971 (La. 10/8/18), 253 So.3d 793. These cases involve situations where the public entity seeks to *reduce* the amount payable to the contractor pursuant to the terms of the contract. Therefore, they do not provide guidance for the present matter which involves the recovery of sums for statutory interest in excess of the amount appropriated by the public entity.

---

[15] These cases were decided before the legislature enacted the provisions in Section 2191(B) allowing for recovery of statutory interest in 2018.

Rather, the plain language of La. R.S. 38:2191(D) – limiting a mandamus proceeding to sums due under the contract and the appropriated amount – prohibited Drennan from seeking a judgment of mandamus to compel Lafitte to pay statutory interest in Mandamus II. Accordingly, Drennan could file multiple mandamus actions for amounts *due* and *appropriated* and a separate ordinary action for statutory interest for each alleged tardy progressive stage payment and final amount due. Accordingly, we conclude that while a statutory interest claim is not prohibited in a mandamus proceeding in every instance, for all practical purposes, it is unlikely that the appropriated amount would ever include such sums. Section 2191(D) was enacted to grant contractors a mechanism to quickly recover funds due under the construction contract **up to the amount of the appropriation**. We are bound by the plain language of the statute. If the legislature had intended to allow the recovery of statutory interest in excess of the appropriated amount, it could have included language to that effect.[16]

### *Res Judicata*

Having determined that under the facts of this case, Drennan was not required or authorized under La. R.S. 38:2191(D) to raise its statutory interest claims as part of the proceedings in Mandamus II, we now turn to the issue of whether the trial court erred by granting Lafitte's exception of *res judicata*. We recognize that the judgment rendered in Mandamus II technically fulfills the *res judicata* requirements – that is (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the Ordinary Proceeding existed at the time of final judgment in Mandamus II; and (5) the cause or causes of action asserted in the second suit arose out of the transaction

---

[16] We recognize that in this case and in other cases, courts have awarded amounts for attorney's fees and judicial interest in excess of or potentially in excess of appropriated amounts. However, as explained above, if the public entity does not object to the cumulation of claims, the issue would be waived. *See* La. C.C.P. art. 926(B).

or occurrence that was the subject matter of the first litigation. But considering the unique statutory scheme set forth in La. R.S. 38:2191, we agree that exceptional circumstances exist to bar any *res judicata* effect of the judgment rendered in Mandamus II.

To support its argument that the doctrine of *res judicata* should not apply due to exceptional circumstances, Drennan relies primarily upon the Fourth Circuit's application of the statutory scheme exception in *Roy Anderson Corp.*, *supra.* In that case, the appellate court found that "exceptional circumstances" existed with respect to the statutory scheme of the Private Works Act, La. R.S. 9:4801, *et seq.,* which precluded the trial court's finding that the judgment in a first filed mandamus proceeding was *res judicata* as to the later filed ordinary proceeding arising out of the same private works contract. *Roy Anderson Corp.*, 280 So.3d at 737-40. The Private Works Act generally protects the rights of contractors performing work on immovable property in the private market by allowing contractors to file liens on the property. However, it also provides mandamus relief to private property owners to obtain the speedy removal of an unjustified contractor's lien against the property. *See* La. R.S. 9:4833.

The property owner in *Roy Anderson* first brought a mandamus proceeding against the general contractor for removal of a contractor's lien and for damages.[17] The trial court ordered the lien's removal. In the first appeal, the Fourth Circuit reversed and ordered reinstatement of the lien. *225 Baronne Complex, LLC v. Roy Anderson Corp.*, 16-492 (La. App. 4 Cir. 12/14/16), 2016 WL 7238975, *writ denied*, 17-326 (La. 4/7/17), 218 So.3d 116. Thereafter, the contractor filed a petition to enforce the lien in an ordinary proceeding. The property owner answered and filed a reconventional demand, supplemented several times,

---

[17] In the mandamus proceeding, the property owner sought to recover damages related to the contractor's failure to cancel the lien, pursuant to La. R.S. 9:4833 of the Private Works Act, but not any other damages. *Roy Anderson Corp.*, 280 So.3d at 734, 737, 739.

asserting breach of contract and other damages claims against the contractor. In response, the contractor filed exceptions, including an exception of *res judicata*. The trial court granted the contractor's exception of *res judicata*, finding that the property owner should have brought the damage claims asserted in its reconventional demand within the prior summary mandamus proceeding to remove the lien.

On a second appeal, the Fourth Circuit reversed the judgment insofar as it granted the exception of *res judicata*, finding that the case qualified for the application of the exceptional circumstances exception codified in La. R.S. 13:4232. *Roy Anderson Corp.*, 280 So.3d at 738-40. The appellate court explained that the exceptional circumstances exception "generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties." *Id*. at 738. The court, relying upon the Restatement (Second) of Judgments, § 26(d), found that the situation before it fell squarely within the Restatement's "statutory-scheme exception" to the *res judicata* principle against claim splitting. Specifically, the court found the fourth exception recited in Section 26(1)(d) of the Restatement, applied—"the judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme"—where the purpose of the statutory scheme was to afford the party a fast-track, mandamus procedure to obtain relief, and therefore, the property owner was not precluded by the *res judicata* doctrine from pursuing a damage claim against the contractor subsequently to the mandamus judgment. *Id*. at 738.

The Fourth Circuit further observed that Comment (e) to the Restatement explained that the statutory scheme exception is implemented when "'it may

appear from a consideration of the entire statutory scheme that litigation, which on ordinary analysis might be considered objectionable as repetitive, is here intended to be permitted." *Id.* Comment (e) also references the following illustration as an example of the implementation of the statutory scheme:

> For nonpayment of rent, landlord A brings a summary action to dispossess tenant B from leased premises. A succeeds in the action. A then brings an action for payment of the past due rent. The action is not precluded if, for example, the statutory system discloses a purpose to give the landlord a choice between, on the one hand, an action with expedited procedure to reclaim possession which does not preclude and may be followed by a regular action for rent, and, on the other hand, a regular action combining the two demands.

The Fourth Circuit pointed out that in *Roy Anderson*, by analogy, the purpose of the Private Works Act's statutory scheme is to afford a property owner a fast-track, mandamus procedure to obtain removal of a clearly unjustified lien, coupled with a right to attorney's fees and damages in certain circumstances. *Id.* at 738-39. The court found that the fact that an owner can—and in that case did—file a damage claim in the summary mandamus proceeding was not outcome determinative of the *res judicata* issue. Rather, the dispositive issue was whether, considering the sense of the entire Private Works Act's statutory scheme, an owner should be allowed to split its claim. Pointing out that a summary mandamus proceeding under the Private Works Act does not toll the period for filing a petition to enforce the lien, and a summary mandamus proceeding is separate and distinct from an ordinary action to enforce a lien, the Fourth Circuit there answered the question in the affirmative. *Id.* at 738-40.

Further, in *Avery v. CitiMortgage, Inc.*, *supra*, the plaintiff filed suit against CitiMortage, Inc. alleging that in 2001, the United States Department of Veteran Affairs determined that he was an incompetent beneficiary and appointed a bank to serve as the curator of his monthly veterans' compensation benefit, including the payment of his monthly mortgage to CitiMortgage. Plaintiff claimed that

CitiMortgage failed to properly credit those payments to his account resulting in the seizure and sale of his home by means of an executory process proceeding. Plaintiff sought the return of his residence through the annulment of the executory process proceeding. He also sought damages from CitiMortgage due to its improper crediting of payments and for unjust enrichment for any funds it retained that belonged to the plaintiff. In response to the lawsuit, CitiMortgage filed an exception of *res judicata* and no cause of action, which the trial court sustained.

On appeal, the First Circuit found that *res judicata* barred the plaintiff's claim seeking to nullify the executory process proceeding. *Avery,* 15 So.3d at 244. However, as to the plaintiff's claims for damages and unjust enrichment arising from the failure to properly credit payments, the appellate court determined that pursuant to La. R.S. 13:4231(A)(1), exceptional circumstances justified relief from the *res judicata* effect of the executory-process judgment. *Id.* The appellate court recognized that the plaintiff was procedurally prohibited from bringing his ordinary negligence action in the summary executory proceeding. *Id.* The court found that "[t]he complicated procedural posture of the [executory proceeding and the ordinary proceeding] in relation to each other and the unsettled nature of the law constitute exceptional circumstances justifying relief from the effect of the doctrine [of res judicata ] as to the claim for damages." *Id.* Therefore, the appellate court reversed the trial court's judgment granting the exception of *res judicata* as to the damage claims that could only be brought in the ordinary proceeding.

In the instant matter, La. R.S. 38:2191(D) provided Drennan the right to proceed against Lafitte by means of an expedited summary mandamus proceeding to collect sums due under the contract up to the amount of the appropriation made for the award and execution of the contract, including change orders. Further, La. R.S. 38:2191 expressly contemplates the possibility of both ordinary and mandamus proceedings during the course of performance of a public works

24

contract.  *St. Bernard Port*, 220 So.3d at 15; *Quality Design*, 146 So.3d at 572. We conclude, as did the court in *Roy Anderson Corp., supra,* that the exceptional circumstances exception, codified in La. R.S. 13:4232(A)(1), applies here.  Guided more specifically by the "statutory scheme exception" set forth in the Restatement (Second) of Judgments (1982), § 26(1)(d), we find that Drennan is not barred from proceeding with its Ordinary Proceeding by the *res judicata* effect of the judgment rendered in Mandamus II on February 26, 2021.  Based on the plain language of La. R.S. 38:2191 and the circumstances at issue in this case, we find that Drennan was not required to include its statutory interest claims in Mandamus II, because the amount appropriated for the award and execution of the contract did not include sums to cover statutory interest.  We further agree that despite the trial court's discussion of the statutory interest claims in its reasons for judgment in Mandamus II, the statutory interest claims were not litigated in that proceeding.[18] Accordingly, the trial court's judgment granting the exception of *res judicata* is reversed.

**Motion for Summary Judgment**

In its second assignment of error, Drennan asks this Court to render a judgment on the merits of its Motion for Summary Judgment seeking an award of statutory interest on late payments.  The trial court did not address the merits of that motion, finding it to be moot in light of the court's ruling on the *res judicata* exception.  Because the motion has not been ruled on by the trial court, we decline to consider it in the first instance.  *See Kerner I*, 348 So.3d at 201.

---

[18] Lafitte argues that the trial court ruled on the statutory interest claims in its reasons for judgment provided in connection with the judgment in Mandamus II.  However, it is a "'well-settled rule that the district court's oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment.'" *Wooley v. Lucksinger*, 09-571 (La. 4/1/11), 61 So.3d 507, 572 (*quoting Bellard v. American Cent. Ins. Co.*, 07-1335 (La. 4/18/08), 980 So.2d 654, 671). Written reasons for judgment are considered to be interlocutory rulings and do not carry the finality of a judgment. *Taylor v. Brandner*, 05-970 (La. App. 5 Cir. 4/25/06), 928 So.2d 751, 755, *writ denied*, 06-1571 (La. 9/29/06), 937 So.3d 869.

## CONCLUSION

We find that the trial court erred in its July 10, 2023 judgment sustaining Lafitte's exception of *res judicata*; therefore, we reverse the judgment of the trial court and overrule Lafitte's exception of *res judicata*. Further, we decline to address the merits of Drennan's Motion for Summary Judgment and remand this matter to the trial court to address outstanding motions and for further proceedings consistent with this opinion.

**<u>REVERSED; REMANDED</u>**

WALLACE C. DRENNAN, INC.                    NO. 23-CA-428

VERSUS                                       FIFTH CIRCUIT

TIMOTHY P. KERNER, IN HIS                    COURT OF APPEAL
CAPACITY AS MAYOR OF THE TOWN
OF LAFITTE AND THE TOWN OF
LAFITTE                                      STATE OF LOUISIANA

## WICKER, J., CONCURS WITH REASONS

I agree with the majority's conclusion that the trial court erred in its July 10, 2023 judgment sustaining Lafitte's exception of *res judicata*, and its decisions to reverse that judgment and to decline to address the merits of Drennan's Motion for Summary Judgment. However, I disagree in part with the majority's analysis as to the scope of the contractor's right to pursue a La. R.S. 38:2191(D) mandamus proceeding with regard to Section 2191(B) statutory interest. While the majority would limit Section 2191(D) mandamus proceedings for Section 2191(B) attorney fees and statutory interest to those cases in which adequate funds have been specifically appropriated to cover the specific Section 2191(B) claims in question, in my opinion, as discussed in detail below, the contractor in a public works contract may choose to proceed against a tardy public entity for Section 2191(B) statutory interest or attorney fees either as a part of a La. R.S. 38:2191(D) mandamus proceeding or via ordinary process, without regard to whether funds have been specifically appropriated to cover the payment of the Section 2191(B) attorney fees or statutory interest sought.

In my opinion, Drennan was not, in fact, precluded from pursuing its statutory interest claim via a Section 2191(D) mandamus proceeding; rather, it also maintained its right, alternatively, to proceed via ordinary process in its claim for

statutory interest, particularly during the period before additional funds to cover change orders had been appropriated.

In my opinion, the statutory scheme presented by La. R.S. 38:2191 of the Public Works Act falls squarely within the La. R.S.13:4232(A)(1) "exceptional circumstances" exception to the doctrine of *res judicata* codified in La. R.S. 13:4231 when viewed through the lens of the Restatement (Second) of Judgments §26 (1982), as instructed by the Louisiana Supreme Court in *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 95-654, 95-671 (La. 1/16/96), 666 So.2d 624 and *Oliver v. Orleans Parish School Board*, 14-329, 14-330 (La. 10/31/14), 156 So.3d 596, *cert. denied*, 575 U.S. 1009, 135 S.Ct. 2315, L.Ed.2d 979 (2015). In my opinion, the Restatement of Judgments' "statutory-scheme exception" to the *res judicata* principle applies here, as the general rule against claim-splitting would be plainly inconsistent with the fair and equitable implementation of the Public Works Act's statutory scheme itself.

Further, the contractor's La. R.S. 38:2191(B)(1) statutory interest claim is in essence a sanction against the public entity for failing to timely pay progressive stage or final contract payments and is, therefore, ancillary to or a part of the contract payments themselves. La. R.S. 38:2191(C) provides, "[t]he provisions of this Section shall not be subject to waiver by contract." The La. R.S. 38:2191(B) provision for attorney fees and statutory interest are, therefore, a statutorily required, implied provision of every public works contract. La. R.S. 38:2191(D) clearly contemplates the mandamus process for late payment of contract funds, including those payable by change order, once the contract funds themselves have been appropriated. Therefore, the statutory scheme, in my opinion, clearly contemplates mandamus actions for sanctions such as statutory interest for late payments of those same contract funds, once the contract funds themselves have

2

been appropriated, whether or not funds to pay attendant statutory interest claims on those same tardy contract payments have been specifically and separately appropriated.

Turning to La. R.S. 38:2191(D)'s "appropriation" requirement, while the majority takes a narrow view of the term "appropriated" within the context of La. R.S. 38:2191(D), requiring a separate specific appropriation for "statutory interest," this narrow interpretation is inconsistent with both the statute's history of amendments as well as with much of the jurisprudence addressing the breadth of La. R.S. 38:2191 both generally and specifically as to the breadth of the La. R.S. 38:2191(D) mandamus action and of its term "appropriated". The purpose of La. R.S. 38:2191, as originally enacted in 1972 and amended thereafter in 1991, 2011, 2014, 2018 and 2021, is to ensure the prompt payment of obligations arising under public contracts as such obligations become due and payable. *Law Industries, LLC v. Board of Supervisors of Louisiana State University*, 18-1756 (La. App. 1 Cir. 3/2/20), 300 So.3d 21, 30, *writ denied*, 20-745 (La. 10/6/20), 302 So.3d 515. On each of the occasions on which the Louisiana Legislature has amended La. R.S. 38:2191, it has expanded its breadth.

In 2011, the Legislature amended the statute to expressly provide that contractors may use mandamus proceedings to collect from the public entity unpaid contract amounts that had been appropriated. In 2014, the Legislature amended the statute to explicitly state that the right to mandamus includes authorized change orders. The statute was amended again in 2018 to provide for the payment of statutory interest upon the public entity's unreasonable failure to timely pay obligations due under the public works contract and to direct that such interest is to be disbursed on a prorated basis among the contractor and subcontractors.

3

The general law as to mandamus, codified in La. C.C.P. art. 3862, limits mandamus, as an extraordinary remedy, to circumstances in which the acts of the public official are purely ministerial and where ordinary means fail to afford relief. However, as discussed in *Law Industries, supra*, "[b]ecause the legislature has statutorily provided for a writ of mandamus as a remedy under La. R.S. 38:2191, the general rules for mandamus proceedings do not apply; therefore, the petitioner is not required to show that relief is not available by ordinary means or that the delay involved in obtaining ordinary relief may cause injustice, as required by La. C.C.P. art. 3862." *Id.* at 30, citing *Jazz Casino Company, L.L.C. v. Bridges*, 16-1663 (La. 5/3/17), 223 So.3d 488, 496-497. *See also Wallace C. Drennan, Inc. v St. Charles Parish,* 14-89 (La. App. 5 Cir. 8/28/14), 164 So.3d 186, 190.

In *Law Industries*, *supra*, the Louisiana First Circuit Court of Appeal provides some guidance on this issue. The Court resolved a similar question of whether a claim for liquidated damages could be brought in a mandamus proceeding. The Court in that case answered in the affirmative, finding, "[i]f the plaintiff elects to use a mandamus proceeding, the trial court must determine in a summary proceeding, what sum is owed under the parties' contract, including the amount of liquidated damages . . . ." *Law Industries*, 300 So.3d at 30.

In *Law Industries*, the contractor performing work on the LSU Beach Volleyball Team locker room filed a mandamus proceeding, seeking payment of the $29,000.00 outstanding contract balance, as well as attorney's fees and statutory interest under La. R.S. 38:2191(B). In response, LSU filed a dilatory exception of unauthorized use of summary proceedings and an answer with affirmative defenses, in which it argued that, because it was contractually entitled to withhold liquidated damages due to the contractor's dilatory contract performance, no amount was owed. The trial court, relying upon general

4

mandamus law, dismissed the mandamus action in favor of an ordinary proceeding, finding that, given the dispute between LSU and the contractor over liquidated damages, payment of the outstanding contract balance did not involve a purely ministerial duty, but rather, involved judicial resolution of issues of fact. Therefore, the trial court found that, given its discretion in resolving the dispute, the matter should proceed as an ordinary proceeding. *Id.* at 24, 28.

On appeal, the First Circuit reversed, finding first that the general rules of mandamus did not apply because the legislature had statutorily provided for a writ of mandamus as a remedy under La. R.S. 38:2191. *Law Industries*, 300 So.3d at 30. The appellate court then found that, as La. R.S. 38:2191 mandates that the contractor may utilize a mandamus proceeding to order a public entity to pay any sums owed under a public contract, if the contractor elects to use a mandamus proceeding, the trial court must then determine in a summary proceeding what sum is owed under the parties' contract, including the amount of any liquidated damages owed by the contractor to the public entity under the contract's provisions. *Id.* at 29-30. While the plaintiff in that case had also sought attorney's fees and statutory interest pursuant to La. R.S. 38:2191(B) in its mandamus petition, the efficacy of addressing those matters through a La. R.S. 38:2191(D) mandamus action was not specifically raised, litigated, or addressed by either the trial or appellate court, but rather, they were simply resolved in the mandamus proceeding without objection.

In a later case, the First Circuit reiterated its finding that, if the contractor elects to use a mandamus proceeding, the court must determine the sum owed under the parties' contract, including liquidated damages claimed by the property owner. *Coast 2 Coast Construction, L.L.C. v Parish of St. Tammany*, 19-1311 (La. App. 1 Cir. 6/16/20), 306 So.3d 461, *writ denied*, 20-893 (La. 10/20/20), 303 So.3d

5

307. In that case, the contractor had also sought in the mandamus proceeding attorney's fees pursuant to La. R.S. 38:2191(B), as well as other damages, and, again, the efficacy of seeking those sums via mandamus was not raised or addressed by either court.

In *St. Bernard Port v. Hopkins*, 16-907 (La. App. 4 Cir. 4/5/17), 220 So.3d 6, *writ denied*, 17-746 (La. 9/15/17), 225 So.3d 1088, and *Quality Design v. Gonzalez*, 13-752 (La. App. 1 Cir. 3/11/14), 146 So.3d 567, decided in 2017 and 2014 respectively, before the 2018 amendments to La. R.S. 38:2191(B) added the provisions for payment of statutory interest in addition to attorney's fees for unreasonable failure to timely pay sums owed under public contracts, the Fourth and First Circuits each found that an award of judicial interest pursuant to La. C.C.P. art. 1921 was within the scope of what the public entity could be compelled to pay in a mandamus proceeding pursuant to La. R.S. 38:2191(D), and that mandamus relief under La. R.S. 38:2191(D) is not conditioned on previously appropriated funds remaining available for payment.

Turning specifically to the breadth of the La. R.S. 38:2191(D) "appropriation" requirement, I agree with the interpretation given to the term by the Fourth Circuit in *St. Bernard Port, Harbor and Terminal District*, *supra*, and the First Circuit in *Quality Design and Construction, Inc.*, *supra*, where the courts found La. R.S. 38:2191(D)'s "appropriation" requirement contemplates appropriations for payment of the project or contract as a whole, rather than to a specific appropriation for one portion of the contract; further, that the section contains no requirement that appropriated funds remain available in order to pursue the interest claim.

Most recently, in *Wallace C. Drennan, Inc. v. Cantrell*, 23-193 (La. App. 4 Cir. 10/25/23), 376 So.3d 969, *as amended on rehearing* (12/7/23), Wallace C.

Drennan, Inc., the contractor on a City of New Orleans street paving contract, filed a petition for writ of mandamus against Mayor Cantrell, other public officials and the City of New Orleans seeking payment of statutory interest it alleged was due and owing on a public works contract pursuant to La. R.S. 38:2191(B).  Neither party in that case disputed the propriety of seeking payment of statutory interest for alleged unreasonably untimely contract payments through a La. R.S. 38:2191(D) mandamus proceeding.  The matter was heard by the trial court, which granted the writ of mandamus in part and denied it in part, ruling on an invoice by invoice basis.  The appellate court, reviewing the trial court's judgment on the merits on appeal, again on an invoice by invoice basis, affirmed in part and reversed in part.[1]

Finally, I find no case in which the appellate court has found that either statutory interest or attorney's fees sought under La. R.S. 38:2191(B) must be pursued through a suit in ordinary proceeding.  Based on the statutory scheme set forth in La. R.S. 38:2191 and the cases cited above, it is clear to me at this point that statutory interest and attorney's fees, both of which are a form of ancillary relief provided for in La. R.S. 38:2191(B), are contemplated as being within the scope of what the public entity can be compelled to pay in a mandamus proceeding brought by a contractor pursuant to La. R.S. 38:2191(D) to recover progressive stage or final contractual payments for which public funds have been appropriated. Therefore, in my opinion, both Drennan and the majority are mistaken in their view that Drennan was precluded from pursuing statutory interest through Mandamus II.  On the contrary, Drennan had the right to choose to pursue the statutory interest sanction via either mandamus or ordinary process.

_____

[1] Wallace C. Drennan, Inc., the plaintiff contractor in the case under review here, was also the plaintiff contractor in *Drennan v Cantrell*.  Here, Drennan has argued, inconsistently with the position it took in *Drennan v. Cantrell*, that, since La. R.S. 38:2191(B) statutory interest is not a "sum due under the contract," Drennan could not avail itself of the La. R.S. 38:2191(D) mandamus proceeding to demand payment of statutory interest.  However, the same could be said of an award of attorney fees, which Drennan sought and recovered in Mandamus II.  Statutory interest is authorized in Subsection (B) of Section 2191, the same subsection that authorizes an award of attorney's fees.

7

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 18, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-428

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
LORETTA G. MINCE (APPELLANT)          SIDNEY J. HARDY (APPELLEE)

**MAILED**
BLANE A. MADER (APPELLEE)
MELANIE H. MELASKY (APPELLEE)
ATTORNEYS AT LAW
909 POYDRAS STREET
SUITE 1000
NEW ORLEANS, LA 70112